NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-3024
_____

UNITED STATES OF AMERICA

v.

RAFAEL SANCHEZ-SANCHEZ,
a/k/a Rafael Hernandez-Shanchez,
a/k/a Rafael Hernandez-Martin
a/k/a Rafael Hernandez-Hernandez
a/k/a Rafael Hernandez

Rafael Sanchez-Sanchez
                    Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 10-cr-00710-001)
District Judge: Honorable Stewart Dalzell
_____

Submitted Under Third Circuit LAR 34.1(a)
September 19, 2012

Before: AMBRO, GREENAWAY, JR., and TASHIMA,[*] Circuit Judges

(Filed: October 18, 2012)
_____

OPINION

_____

[*]  Hon. A. Wallace Tashima, Senior Judge, United States Court of Appeals for the Ninth
Circuit, sitting by designation.

_____

TASHIMA, Circuit Judge

Rafael Sanchez-Sanchez ("Sanchez") appeals the judgment of conviction and the sentence imposed by the District Court. Sanchez's counsel has moved to withdraw pursuant to Anders v. California, 386 U.S. 738 (1967), and Sanchez has declined to submit a pro se brief. We have jurisdiction under 28 U.S.C. § 1291. For the reasons set forth below, we will grant counsel's motion and affirm the judgment of the District Court.

**I.**

Sanchez, a native and citizen of the Dominican Republic, first entered the United States in 1993. After failing to appear for an immigration hearing, he was ordered to be removed from the country in absentia. In 1994, Sanchez was arrested by Philadelphia police and charged with a felony drug offense; the following year he was deported. In 1999 Sanchez was again arrested in the United States and charged with several felony drug counts, to which he pleaded guilty. After serving a term of imprisonment, Sanchez was again deported.

In April 2010, Sanchez was arrested by Philadelphia police for possession of heroin with intent to deliver, and in June 2010 he was sentenced to 6 to 12 months' imprisonment. While in local custody, Sanchez was interviewed by federal agents, and he admitted that he had previously been deported and had not received permission from the United States government to reenter the country.

In October 2010, a grand jury returned an indictment charging Sanchez with one count of reentry of a removed alien in violation of 8 U.S.C. § 1326(a) and (b)(2). Sanchez pleaded guilty to the count without the benefit of a written plea agreement. The District Court imposed a sentence of 48 months' imprisonment, to run consecutively to a sentence imposed in the Philadelphia Court of Common Pleas for an unrelated offense; three years of supervised release; and a fine of $1,000.

Sanchez timely appealed, and his counsel later filed a motion to withdraw and supporting brief in accordance with <u>Anders</u> and Third Circuit Local Appellate Rule 109.2(a).

**II.**

When the defendant's counsel submits an <u>Anders</u> brief, this Court's inquiry is "twofold: (1) whether counsel adequately fulfilled the rule's requirements; and (2) whether an independent review of the record presents any nonfrivolous issues." <u>United States v. Youla</u>, 241 F.3d 296, 300 (3d Cir. 2001).

To fulfill the first part of the inquiry, counsel must satisfy the court that she has thoroughly examined the record in search of appealable issues and explain why those issues are frivolous. <u>Id.</u> "Where the <u>Anders</u> brief initially appears adequate on its face, the proper course 'is for the appellate court to be guided in reviewing the record by the <u>Anders</u> brief itself.'" <u>Id.</u> at 301 (quoting <u>United States v. Wagner</u>, 103 F.3d 551, 553 (7th Cir. 1996)).

3

Here, counsel's brief identifies several potential issues in the record: the jurisdiction of the District Court; the validity of the guilty plea; the legality of the sentence; the District Court's application of a 16-level enhancement in calculating the advisory sentencing range under the U.S. Sentencing Guidelines; the absence of a fast-track program; and the substantive and procedural reasonableness of the sentence. We agree with Sanchez's counsel that all of these issues, if presented on appeal, would be frivolous. The District Court had jurisdiction of the underlying offense under 18 U.S.C. § 3231; as counsel notes, the indictment adequately charged a violation of 8 U.S.C. § 1326(a) by setting forth all essential elements of the offense. Moreover, the record reveals that Sanchez's plea was valid: it was entered into knowingly and voluntarily, with the benefit of counsel, and the District Court fully complied with Rule 11 of the Federal Rules of Criminal Procedure. See United States v. Khattak, 273 F.3d 557, 563 (3d Cir. 2001). Sanchez informed the District Court that he understood his rights, but chose to waive those rights and plead guilty to the illegal reentry charge.

The sentence was likewise legally valid. The maximum sentence for an alien previously removed from the United States after a conviction for commission of an aggravated felony is 20 years. 8 U.S.C. § 1326(b)(2). Because Sanchez had previously been removed from the United States following a conviction for various drug offenses that qualify as aggravated felonies, see 8 U.S.C. § 1101(a)(43)(B), his maximum sentence was therefore 20 years, far greater than the four-year sentence he received.

Sanchez received a 16-level enhancement to his Guidelines offense level pursuant to U.S.S.G. § 2L1.2, because Sanchez previously had been deported after being convicted of a drug trafficking felony and sentenced to a 36-month term of imprisonment, *i.e.*, to a term that exceeded 13 months. See U.S.S.G. § 2L1.2(b)(1)(A)(i). At sentencing, Sanchez's counsel argued that § 2L1.2(b)(1)(A)(i) was an arbitrary and irrational rule unmoored from empirical research or data, and that the resulting increase in Sanchez's Guidelines range was thus greater than necessary to achieve the objectives of sentencing. But in a factually similar case, we rejected these same arguments. See United States v. Lopez-Reyes, 589 F.3d 667, 671 (3d Cir. 2009).

Sanchez's counsel also argued at sentencing that Sanchez's Guidelines range was too severe in light of the fact that his Guidelines range would have likely been lower in a fast-track district. Some federal judicial districts have fast-track programs which enable defendants charged with illegal reentry to receive lower sentences in exchange for waiving certain rights. United States v. Arrelucea-Zamudio, 581 F.3d 142, 145-46 (3d Cir. 2009). The Sentencing Guidelines permit a district court to depart downward by up to four levels pursuant to a fast-track program. U.S.S.G. § 5K3.1. Sanchez, however, was not prosecuted in a fast-track district and was thus ineligible for this downward departure. We have held that "a sentencing judge has the discretion to consider a variance under the totality of the § 3553(a) factors (rather than one factor in isolation) on the basis of a defendant's fast-track argument, and that such a variance would be

5

reasonable in an appropriate case." Arrelucea-Zamudio, 581 F.3d at 149. But in this case the District Court properly exercised its discretion not to grant a downward variance; it noted that fast-track programs exist mainly to address a problem not present in the Eastern District of Pennsylvania – i.e., huge immigration caseloads, including illegal reentry cases – and found that, even if a fast-track program did exist in that district, Sanchez was not a likely candidate for a downward variance.

The final possible issue counsel identifies is the substantive and procedural reasonableness of Sanchez's sentence. We review sentences "for reasonableness with regard to the factors set forth in 18 U.S.C. § 3553(a)." United States v. Bungar, 478 F.3d 540, 542 (3d Cir. 2007). "Review for procedural reasonableness focuses on whether the District Court committed any error in calculating or explaining the sentence." United States v. Lychock, 578 F.3d 214, 217 (3d Cir. 2009). Review for substantive reasonableness requires that we "take into account the totality of the circumstances, including the extent of any variance from the Guidelines." Gall v. United States, 552 U.S. 38, 51 (2007). "Absent procedural error, we will affirm the sentencing court 'unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided.'" United States v. Doe, 617 F.3d 766, 770 (3d Cir. 2010) (quoting United States v. Tomko, 562 F.3d 558, 568 (3d Cir. 2009)). Here, the sentence was both procedurally and substantively reasonable. The record reflects that the District Court, after considering the arguments and the factors

6

required by 18 U.S.C. § 3353(a), sentenced the defendant to 48 months' imprisonment, at the lower end of the advisory Guidelines range. We cannot say that no reasonable sentencing court would have imposed this sentence in this case.

## III.

We conclude that counsel has adequately shown that there are no nonfrivolous appealable issues, and our independent review of the record confirms that there are no appealable issues of merit. Accordingly, counsel's motion for leave to withdraw is granted, and the District Court's judgment and sentence will be affirmed.